# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Donna McDaniel

v.

KinderCare Learning
Centers, Inc.,
and Anne Heggie

October 20, 1998

Case No. (Law) CL98-270

BY JUDGE KENNETH N. WHITEHURST, JR.

In her motion for judgment, plaintiff Donna McDaniel alleges that she was terminated by defendant Anne Heggie from her employment at KinderCare Learning Centers for racist reasons. McDaniel alleges that by ratifying Heggie's actions, KinderCare has contributed to McDaniel's damages and should be held responsible. McDaniel bases her claim on Virginia's strong public policy against race discrimination; however, she explicitly does not rely upon the Virginia Human Rights Act.

This matter is before the court on the defendant's motion for summary judgment. The defendants argue that McDaniel's claim is based on the public policies reflected in the Virginia Human Rights Act. They contend that pursuant to that act, McDaniel is foreclosed from bringing this common law action for racial discrimination. For the reasons stated below, the defendants' motion is sustained.

Virginia adheres to the employment-at-will doctrine. However, in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), the Supreme Court recognized an exception to that rule to allow for common law claims for wrongful terminations that violate the Commonwealth's public policy. In *Lockhart v. Commonwealth Educ. Sys. Corp.*, 247 Va. 98 (1994), the Court held that the plaintiffs could maintain a common law action for wrongful termination based on racial discrimination. While noting that the Virginia Human Rights Act did not create any new cause of action, the Court explained that the Act did

provide the public policy basis upon which a plaintiff could bring a *Bowman* claim. The VHRA provides in § 2.1-715 that:

> [i]t is the policy of the Commonwealth of Virginia ... [t]o safeguard all individuals within the Commonwealth from unlawful discrimination because of race, color, religion, national origin, sex, age, marital status, or disability, in places of public accommodation, including educational institutions and in real estate transactions; in employment; to preserve the public safety, health and general welfare; and to further the interests, rights, and privileges of individuals within the Commonwealth.

Accordingly, the Court held that the plaintiff could maintain a common law wrongful termination action because the narrow exception to the employment-at-will doctrine outlined in *Bowman* includes instances where employees are terminated because of racial discrimination.

In 1995, the General Assembly amended the VHRA. Among the amendments included subsection (D) of § 2.1-725, which holds that "[c]auses of action based upon the public policies reflected in this chapter shall be exclusively limited to those actions, procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances." The Supreme Court has held that these amendments prohibit a plaintiff from bringing a *Bowman* claim based on the VHRA. *See Doss v. Jamco*, 254 Va. 362, 371 (1997). However, the Court left unresolved whether such claims could be based on the public policy of the Commonwealth reflected in sources other than the VHRA. *Id.* at 366.

McDaniel argues that common law wrongful termination claims can be maintained so long as there are alternative sources other than the VHRA that enunciate Virginia's public policy. She contends that such alternative sources of Virginia's public policy against racial discrimination exist and cites numerous statutes to support her position. However, this court is of the opinion that the amendments to the VHRA abrogated common law wrongful termination claims and limited a plaintiff's remedies to those found in a federal or state statute or local ordinance. The amendments did not simply eliminate all common law causes of action that were based on the VHRA. As the amended act clearly sets out, it pertains to "[c]auses of actions based upon the *public policies* reflected in this chapter." And just as clearly, the amended act abolished all common law actions based upon those policies, stating that such actions are *"exclusively limited"* to those procedures and remedies afforded by an applicable statute or ordinance.

McDaniel's claim for wrongful termination based on racial discrimination is clearly based on a public policy reflected in the VHRA. Accordingly, her cause of action is "exclusively limited to those … procedures and remedies, if any, afforded by applicable federal or state civil rights statutes or local ordinances." While McDaniel has cited a number of statutes dealing with racial discrimination, she has failed to show that any of them offer protection to someone in her position. Consequently, the defendant's motion for summary judgment is sustained.